USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 27, 2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                          :
AMAURY LOPEZ, JR.,                        :
                                          :
                     Petitioner,          :
                                          :
        -against-                         :
                                          :        16 Civ. 3342 (PAC)
UNITED STATES OF AMERICA,                 :        10 Cr. 798 (PAC)
                                          :
                     Respondent.          :        **OPINION & ORDER**
                                          :
------------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

*Pro se* Petitioner Amaury Lopez, Jr. ("Petitioner" or "Lopez, Jr.") moves pursuant to Fed.

R. Civ. P. 59(e) for reconsideration of the Court's April 20, 2017 Opinion and Order (the

"Opinion and Order"), ECF 8,[1] denying his 28 U.S.C. § 2255 motion to vacate, set aside, or

correct his conviction and sentence based on (1) *Alleyne v. United States*, 133 S. Ct. 2151 (2013)

and/or (2) constitutionally ineffective assistance of trial counsel. ECF 9. The Court held that

*Alleyne* does not apply retroactively on collateral review, and even if it did, Petitioner's claim

would be meritless. ECF 8 at 8. The Court also found that all seven grounds on which Petitioner

asserted ineffective assistance of counsel were procedurally defaulted, and regardless, were

meritless.[2] *Id.* at 10–20.

In seeking reconsideration, Petitioner again asserts an *Alleyne* argument; contends his

ineffective assistance of counsel claim is not procedurally barred; and repeats portions of his

---

[1] All ECF citations refer to Petitioner's corresponding civil docket, 16-CV-3342.
[2] The Opinion and Order also denied the § 2255 petition of one of Lopez, Jr.'s co-defendants, Fabio Morel. *See* ECF 8. While Lopez, Jr.'s instant motion sometimes refers to Morel and/or to "Petitioners," and challenges the Court's determination of Morel's *Alleyne* claim as untimely, both the motion and the certificate of service are signed only by Lopez, Jr. *See* ECF 9. The Court thus construes the motion as only by Lopez, Jr., not Morel.

1

ineffectiveness claim, asserting he is entitled to an evidentiary hearing to resolve certain "factual disputes and to analyze his conflict of interest claim." *Id.* at 5. Petitioner acknowledges that Rule 59(e)'s standard "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." ECF 9 at 1–2 (quoting *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). None of these arguments are availing and all are insufficient to warrant reconsideration under Rule 59(e). The motion to reconsider is DENIED.

## BACKGROUND[3]

After an eight-day trial, a jury convicted Petitioner of conspiracy to distribute cocaine, and possession with intent to distribute cocaine; and the Court sentenced Petitioner to concurrent terms of life imprisonment. *See* ECF 8 at 4. Petitioner's conviction and sentence were affirmed on appeal. *See id.* at 4–5; *United States v. Lopez*, 572 Fed. App'x 1 (2d Cir. 2014).

## DISCUSSION

i. *Alleyne*

In rejecting Petitioner's *Alleyne* claim, the Opinion and Order determined that the jury's finding that the conspiracy "involve[d] 5 or more kilograms of mixtures of substances containing cocaine," was "sufficient to support the mandatory minimum sentence to which Petitioner[] [was] subject, and complies with *Alleyene*."[4] ECF 8 at 9 (citing *United States v. Jimenez*, 586 Fed. App'x 50, 56 (2d Cir. 2014) (summary order)); *see* ECF 9 at 2. Petitioner now asserts that *Jimenez* "does not address the question of whether it is the individualized drug quantity that is a

---

[3] The Court assumes familiarity with the facts, which are set forth in greater detail in the Court's April 20, 2017 Opinion and Order, ECF 8.

[4] The Court has previously concluded that *Alleyne* does not apply retroactively; the Court adheres to that decision. *See* ECF 8 at 8. Nonetheless, the Court briefly address Petitioner's argument.

fact that increases the mandatory minimum sentence," which under *Alleyne*, must be submitted to a jury. ECF 9 at 2. But *Jimenez* did address this in rejecting the defendant's identical argument: "the jury found that 'the conspiracy involve[d] . . . 5 kilograms and more . . . of cocaine' . . . [which] was sufficient to support the mandatory minimum sentence to which Jimenez was subject and thus complied with *Alleyne*." *Jimenez*, 586 Fed. App'x at 56. And as the Opinion and Order quoted, *Jimenez* added: "*Alleyne* does not require that a jury find drug quantities relied on by the court in selecting a sentence within the statutory bounds, as the Sixth Amendment does not apply to 'factfinding used to guide judicial discretion in selecting a punishment within limits fixed by law.'" *Jimenez*, 586 Fed. App'x at 56 (quoting 21 U.S.C. 841(b)(1)(A)); *see* ECF 8 at 9. The Court did not overlook applicable law on this point.[5]

## ii. **Ineffective Assistance of Counsel**

First, Petitioner argues that his claim is not procedurally barred, and requests that the Court hold his petition in abeyance until the Supreme Court decides *Davila v. Davis*, No. 16-6219.[6] *See* ECF 9 at 3. The Court adheres to its determination of procedural default, *see* ECF 8 at 9–10; but regardless, the Opinion and Order thoroughly considered and explained why, even ignoring the procedural bar, each of the seven grounds on which Petitioner claimed ineffective assistance of counsel failed on the merits. *See id.* at 11–20.

---

[5] The Court notes that circuits are split on "whether a jury must find that the amount of drugs that triggers a statutory mandatory minimum penalty in a narcotics conspiracy is attributable to the conduct of a convicted conspirator – or is reasonably foreseeably by him or her as the amount involved in the conspiracy – before that amount's penalties are triggered for that conspirator." *United States v. Woodruff*, 125 F. Supp. 3d 141, 144 (D.D.C. 2015) (compiling cases, including *Jimenez*). The Court appreciates Petitioner's submission of a Fifth Circuit case as supplemental authority, ECF 10, but concludes that Second Circuit law is clear on this issue.

[6] *Davila* deals with "[w]hether the rule established in *Martinez v. Ryan* and *Trevino v. Thaler*, that ineffective state habeas counsel can be seen as cause to overcome the procedural default of a substantial ineffective assistance of trial counsel claim, also applies to procedurally defaulted, but substantial, ineffective assistance of appellate counsel claims." SCTOUSblog: Davila v. Davis, http://www.scotusblog.com/case-files/cases/davila-v-davis/; *see Davila v. Davis*, 137 S. Ct. 810 (Mem) (2017). On June 26, 2017, the Supreme Court held that the ineffective assistance of post-conviction counsel does not provide cause to excuse the procedural default of ineffective-assistance-of-appellate-counsel claims. *See Davila v. Davis*, 582 U.S. __ (2017).

Second, Petitioner recites an argument identical to that raised in his § 2255 petition: his trial counsel's concurrent disciplinary proceedings created a conflict of interest not known or waived by Petitioner at his *Curcio* hearing. *See* ECF 9 at 4. The Court again rejects this argument for the same reasons explained in the Opinion and Order. *See* ECF 8 at 13–15. Petitioner also claims "there was an element of financial conflict afoot that may have affected counsel's advice," asserting that the $25,000 his trial counsel requested, purportedly to buy potentially exculpatory tapes, was actually to pay for his own ongoing criminal tax investigation. EF 9 at 4. This claim is meritless: Petitioner "was asked probing questions about [his trial counsel's] ongoing criminal investigation" in the *Curcio* hearing, wherein Petitioner confirmed his understanding of, and waived, any potential conflict stemming from this. ECF 8 at 15. After asking such questions,[7] the Court specifically asked Petitioner: "is it clear that you'[re] giving up your right to challenge your conviction based on any conflict that might exist arising out of any of . . . the fact pattern dealing with the questions regarding the tax charges[?]," to which Petitioner replied "Yes." Gov't Opp. Ex. 003 at 21.

Finally, Petitioner argues he is entitled to an evidentiary hearing to resolve "other factual matters [that] were overlooked." ECF 9 at 4. These facts include (1) that the Government "sought some kind of non-trial disposition" against Petitioner, evidenced by its e-mail to all defense counsel providing a deadline for guilty pleas; (2) "the fact [that] the Government never address[ed] Petitioner's *pro-se* motion relating to the conflict of interest claim;" and (3) "the issue relating to the 'fire wall,'" which the Court takes as a reference to the "wall" created between the Government's trial team and its other team investigating Petitioner's potential

---

[7] The hearing transcript pages reflecting these specific questions remain under seal. *See* Gov't Opp. Ex. 003 at 5.

witness intimidation of another inmate, and recordings made in connection thereto. ECF 9 at 5; *see* ECF 8 at 3–4.

The Court has already rejected Petitioner's argument that trial counsel failed to pursue a non-trial disposition or engage in meaningful plea resolutions. *See* ECF 8 at 19–20. Such contentions were contradicted by Petitioner's own description of his trial counsel's meeting with the Government, "wherein [he] requested dismissal of the pending charges or a favorable plea offer, which the Government rejected" and "the Government's submission that no plea offer was ever made." *Id.* Finally, the Court deemed Petitioner's allegation that he would have pled guilty independent of any plea deal not credible. *Id.* Moreover, the Opinion and Order specifically addressed and denied as futile and/or moot Petitioner's *pro-se* motion; the Government's failure to address such motion is irrelevant. *See* ECF 8 at 21. Finally, despite Petitioner's claim that the "fire wall" issue and related facts were "replaced by a distorted oversimplified or misrepresented version of that claim," ECF 9 at 5, the Court thoroughly examined this issue, both in the Opinion and Order, and when it first arose by ordering briefing, holding oral argument, and ultimately denying Petitioner's trial counsel's motion to dismiss the indictment on the grounds that the Government's separate witness intimidation investigation violated Petitioner's right to counsel and/or fair trial. ECF 8 at 4, 11–12.

## CONCLUSION

The motion for reconsideration is DENIED. As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2). The Clerk of Court is directed to enter judgment, terminate all pending motions, and close this case.

Dated: New York, New York
       June 27, 2017

SO ORDERED

PAUL A. CROTTY
United States District Judge

Copy mailed to:

Amaury Lopez Jr., Reg. No. 28663-054
United States Penitentiary
P.O. Box 1000
Lewisburg, PA 17837